FILED

UNITED STATES DISTRICT COURT 2013 JAN 23 P1 1:37
MIDDLE DISTRICT OF FLORIDA
COURT FILE NO. _____
CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

Gregory Scott,

Plaintiff

v.

Hunter Warfield, Inc.,

Defendant.

3:13-cv-91-J-32mcr

**COMPLAINT**

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and the Florida Consumer Collection Practices Act, §§ 559.55-559.785.

3. Venue is proper in the Middle District of Florida because the acts and transactions occurred there, Plaintiff resides there, and Defendant transacts business there.

## PARTIES

4. Plaintiff, Gregory Scott is a natural person who resides in the City of Jacksonville, County of Duval, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") by virtue of being directly affected by a violation of the Act, to wit Plaintiff received mail from a debt collector improperly attempting to collect an un-owed debt.

5.      Defendant Hunter Warfield, Inc. ("Hunter Warfield"), is a foreign profit corporation, and at all times material, provided debt collection services to individuals and entities located in Florida, including Mid-America Apartment Communities, Inc., in Duval County, Florida.

## FACTUAL ALLEGATIONS

6.      Plaintiff was a resident and lessee at an apartment complex named Hunters Ridge at Deerwood ("Hunters Ridge"), which is located in Duval County, Florida, and is owned and managed by Mid-America Apartment Communities, Inc.

7.      In the month of September 2012, Plaintiff and Hunters Ridge terminated their lessee/lessor relationship, and Plaintiff moved out of the apartment complex.

8.      On or about the second week of October, 2012, Hunters Ridge sent an invoice to Plaintiff that stated Plaintiff owed $336.44 to Hunters Ridge for various fees, charges, and the like ("Invoice"). The Invoice is attached as "Exhibit A."

9.      On or about the 10th or 11th day of October, 2012, Plaintiff called the Hunters Ridge property management office to dispute the total amount claimed due in the Invoice. Plaintiff spoke to a female employee of Hunters Ridge. The Hunters Ridge employee and Plaintiff agreed that only $279.30 was owed as a final payment, instead of the $336.44 originally claimed due in the Invoice.

10.      On or about October 12, 2012, Plaintiff mailed the final payment of $279.30 via check, which contained the language "final payment, Apt 1213" in the "For" line ("Final Check"). The Final Check is attached as "Exhibit B."

11.      On or about October 15, 2012, Hunters Ridge cashed the Final Check.

12.      On or about December 17, 2012, Plaintiff received a collection letter from Defendant, which stated that Plaintiff was delinquent in the amount of $57.14 to Defendant's

client, Hunters Ridge ("Collection Letter"). The Collection Letter further stated that the matter was or would be reported on Plaintiff's credit, and that interest was accruing on the debt. The Collection Letter is attached as "Exhibit C."

13.     Defendant's Collection Letter was an improper attempt to collect a debt that was not owed.

## CAUSES OF ACTION

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.*

14.     Plaintiff re-alleges Paragraphs 1-13 here.

15.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to wit Plaintiff received mail from a debt collector improperly attempting to collect an un-owed debt.

16.     The amount Defendant claimed due in the Collection Letter is a "debt" within the meaning of section 15 U.S.C. § 1692a(5), as Defendant's Collection Letter addressed an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

17.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), to wit Defendant used the mail in a business the principal purpose of which was to collect debt, and Defendant regularly attempts to collect debts owed or due to another.

18.     Plaintiff disputed the amount originally claimed due by Hunters Ridge in the Invoice by calling and speaking to an employee of Hunters Ridge. The Hunters Ridge employee and Plaintiff agreed that $279.30 was due instead of $336.33.

19.     Plaintiff tendered to Hunters Ridge the Final Check for the correct amount of $279.30, which Final Check clearly indicated it was the final payment, and Hunters Ridge cashed the check.

20.     Defendant then sent the Collection Letter to Plaintiff in an improper attempt to collect a debt that was not owed.

21.     As such, Defendant intentionally, or in the alternative, negligently, violated the FDCPA by 1) falsely representing the character, amount, or legal status of a debt; 2) threatening to take action that cannot legally be taken; 3) communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and 4) using a false representation or deceptive means to collect or attempt to collect any debt.  § 1692e(2)(A), (5), (8), (10).

22.     Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages, together with statutory damages of up to $1,000 for the violation.

**Trial by Jury**:  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## COUNT II:  VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")

23.     Plaintiff re-alleges Paragraphs 1-13 here.

24.     At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiff was a "consumer," as Plaintiff was a natural person allegedly obligated to pay a debt.

25.     At all times material, pursuant to section 559.55(6), Florida Statutes, Defendant was a "debt collector," as it used an instrumentality of commerce for the purpose of collecting a debt, by mailing the Collection Letter to Plaintiff.

26.     The money Defendant is attempting to collect is a "debt" within the meaning of section 559.55(1), as Defendant's Collection Letter addresses an alleged obligation of a consumer

to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

27.     Section 559.72(9), Florida Statutes, provides that no person shall claim attempt or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist.

28.     Defendant is intentionally attempting to collect a debt that it knows is not legitimate because Plaintiff timely and properly disputed the amount claimed due in the Invoice, and made final payment by way of the Final Check. Defendant's knowledge stems from its investigation of the facts on which it based its collection attempt.

29.     Pursuant to section 559.77, Florida Statutes, Plaintiff is entitled to actual damages, together with statutory damages of up to $1,000 for each violation of the statute.

**Trial by Jury**:  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled; and

b) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to Florida Statutes § 559.77(2) for each violation of the FCCPA; for an award of

actual damages, and for an award of litigation costs and reasonable attorney's fees; injunctive and declaratory relief regarding further collection attempts; and any and all other relief to which Plaintiff is entitled.

Respectfully submitted,

PARKER & DUFRESNE, P.A.

/s/ Austin Brown

Austin Brown, Esquire
Florida Bar Number: 96633
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Tel: (904)733-7766; Fax: (904)733-2919
abrown@jaxlawcenter.com

Trial Counsel for Plaintiff

## VERIFICATION OF COMPLAINT

Plaintiff Gregory Scott, under the penalty of perjury, states as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Gregory Scott